IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAGIPEJUTAWIN,<br><br>    Plaintiff,<br><br>v.<br><br>FLOYD COUNTY SUPERIOR COURT and STATE OF GEORGIA.<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:23-cv-418-WMR |

## **ORDER**

This matter is before the Court on Plaintiff Nagipejutawin's Emergency Motion for Hearing and for Dismissal of Charges and Expungement [Doc. 4] and Motion for Dismissal and Expungement [Doc. 5]. Plaintiff asks this Court to intervene in pending criminal charges in state court. [Doc. 4 at 6; Doc. 5 at 2]. Under the *Younger* abstention doctrine, "a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Fla.*, 32 F.4th 1092, 1099 (11th Cir. 2022) (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)). Thus, the Court cannot provide the relief Plaintiff seeks, and Plaintiff's motions [Docs. 4, 5] are **DENIED**.

Likewise, Plaintiff has filed suit against the Floyd County Superior Court and the State of Georgia. However, neither of these entities are subject to suit for

1

Plaintiff's claims. The State is immune to Plaintiff's claims because "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). Similarly, superior courts in Georgia are an instrumentality of the state and are also immune from suit under the Eleventh Amendment. *Id.* Furthermore, the Clerk of this Court construed Plaintiff's complaint as brought under 42 U.S.C. § 1983, and both the state of Georgia and the Floyd County Superior Court are not entities subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that the state and its "arms" are not "persons" amenable to suit under Section 1983). Thus, the Court notes that Plaintiff's claims against these Defendants are likely barred.

Because of these issues, the Court orders Plaintiff to amend her complaint to address these issues and any other deficiencies with her complaint within 30 days of the date of this order. The Court cautions Plaintiff that failure to amend her complaint will result in dismissal of her claims.

Additionally, based on the record before the Court, it is unclear that Plaintiff has properly served the Defendants. The only record of service in this case indicates that Plaintiff served a local government address in Rome, Georgia. [Doc. 6]. Under

Federal Rule of Civil Procedure Rule 4(m), the Court must dismiss an action if a plaintiff fails to serve the defendants within 90 days after the complaint is filed. However, the Court must first provide notice to the plaintiff that the defendants have not been properly served. Fed. R. Civ. P. 4(m). Here, record indicates that the Defendants have not been properly served. Thus, the Court provides Plaintiff the required notice that, if she does not properly serve the Defendants within 30 days of the date of this order, the Court must dismiss her case.

    **IT IS SO ORDERED** this 31st day of August, 2023.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE